923 A.2d 226

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. JANE H.
CHUN, DARIA L. DE CICCO, JAMES R. HAULSLER, ANGEL
MIRALDA, JEFFREY R. WOOD, ANTHONY ANZANO, RAJ DE-
SIA, PETER LIEBERWIRTH, JEFFREY LING, HUSSAIN NA-
WAZ, FREDERICK OGBUTOR, PETER PIASECKI, LARA SLA-
TER, CHRISTOPHER SALKOWITZ, ELINA TIRADO, DAVID
WALKER, DAVID WHITMAN, AND JAIRO J. YATACO, DEFEN-
DANTS–RESPONDENTS, AND MEHMET DEMIRELLI AND
JEFFREY LOCASTRO, DEFENDANTS, AND DRAEGER SAFE-
TY DIAGNOSTICS, INC., INTERVENOR–RESPONDENT.

May 10, 2007.

The Court having previously certified the within matter directly
pursuant to *Rule* 2:12–1 and having contemporaneously appointed
retired Appellate Division Presiding Judge Michael Patrick King
as Special Master,

And the Special Master having conducted hearings and, on
February 13, 2007, submitted his written Findings and Conclu-
sions (the February 13, 2007 Report),

And the Court having heard argument on the matter on April 5, 2007,

And good cause appearing,

IT IS ORDERED that, the matter is temporarily remanded to the Special Master for the limited purpose of providing defendants the opportunity to conduct, at defendants' expense, an analysis of the software referred to as Firmware versions 3.8 and 3.11 used in the Alcotest 7110 to the extent that these Firmware versions were utilized by law enforcement personnel in New Jersey for the purpose of any matter subject to this Court's January 10, 2006 Order, which analysis is to be limited to determining whether Firmware versions 3.8 and 3.11 reliably analyze, record and report alcohol breath test results; and it is further

ORDERED that, within seven (7) days of the date of this order, defendants shall notify intervenor Draeger Safety Diagnostics, Inc. (DSDI) and the Special Master of the identity of an independent software house that defendants propose to retain for the purpose of conducting source code testing and, in the event that defendants determine that there are no matters subject to this Court's January 10, 2006 Order in which Firmware 3.8 was utilized, they shall notify DSDI that source code testing of that Firmware version is not needed; and it is further

ORDERED that, in the event that defendants do not identify an independent software house for the purposes set forth in this limited remand, then the Special Master shall immediately notify the Court in writing and that failure shall be deemed to be an election to forgo source code testing other than that which has been agreed upon in Addendum A at pages 236–41 of the Special Master's Report; and it is further

ORDERED that, if the independent software house identified by defendants is acceptable to DSDI, then DSDI shall, within seven (7) days, provide the source codes for Firmware versions 3.8 and 3.11, as appropriate, to that independent software house for the purpose of conducting that analysis, which shall be in accor-

dance with the methodology previously agreed upon by defendants and DSDI, as set forth in Addendum A;  and it is further

ORDERED that, in the event that the independent software house identified by defendants is not acceptable to DSDI, then it shall within five (5) days advise defendants and the Special Master of the identity of the independent software house of its choosing, following which, if the parties cannot agree, the Special Master shall, within seven (7) days, designate the independent software house for the purpose of this limited remand;  and it is further

ORDERED that, the independent software house shall provide its expert report to the parties, DSDI and the Special Master within ninety (90) days of its receipt of the source codes;  and it is further

ORDERED that, the Special Master shall consider the expert's report and, within fourteen (14) days of his receipt of the expert's report, shall advise this Court, by supplemental findings and conclusions, in respect of the effect, if any, of the expert's report on the findings and conclusions contained in his February 13, 2007 Report.